Matthew PANCRATZ, Plaintiff—
Appellant,

v.

RESTRICTED ACCESS MANAGEMENT DIVISION; National Marine Fisheries Services; National Oceanic and Atmospheric Administration; United States Department of Commerce, Defendants—Appellees.

No. 05–35722.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 21, 2006.

Filed Aug. 22, 2006.

Bruce B. Weyhrauch, Juneau, AK, for Plaintiff–Appellant.

Meredith L. Flax, U.S. Department of Justice, Washington, DC, Daniel R. Cooper, Esq., Office of the U.S. Attorney, Anchorage, AK, for Defendants–Appellees.

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

The district court properly concluded that the National Marine Fisheries Service ("the agency") did not act arbitrarily, capriciously, or otherwise not in accordance

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**604**

with law in determining that: (1) the Restricted Access Management division complied with the applicable regulation, 50 C.F.R. § 679.41(b)(1), by sending notice of approval of the transfer of the halibut quota shares to Matthew Pancratz ("Pancratz") via first-class mail; (2) a notarized sales agreement is not required under 50 C.F.R. § 679.41(c)(3) to effectuate a transfer of halibut quota shares, and the instructions on the transfer application do not have the force of law or regulation; and (3) because the parties authorized the halibut share transfer, agent authorization was not required as an agent was not involved in the transaction. Accordingly, the district court's grant of partial summary judgment in favor of Appellees was proper.

The district court also did not err in dismissing Pancratz's claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, for lack of jurisdiction. The agency complied with the applicable regulations and the due care exception applies. *See* 28 U.S.C. § 2680(a).

AFFIRMED.